The PEOPLE of the State of
Colorado, Complainant,

v.

Arlad William SHUNNESON,
Attorney–Respondent.

No. 91SA162.

Supreme Court of Colorado,
En Banc.

June 3, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Arlad William Shunneson, pro se, Boulder.

PER CURIAM.

The respondent in this attorney discipline proceeding and the assistant disciplinary counsel for the Supreme Court Grievance Committee entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the grievance committee accepted the stipulation and agreement and recommended that the respondent receive a public censure, make restitution, and be assessed the costs of the proceedings. After reviewing the record and the conditional admission, we accept the stipulation and agreement, and conclude that the seriousness of the respondent's misconduct, coupled with his record of prior discipline, warrants public censure.

I

The respondent was admitted to the bar of this court on October 2, 1973, is registered as an attorney upon this court's official records, and is subject to the disciplinary jurisdiction of this court in all matters relating to the practice of law. C.R. C.P. 241.1(b). The respondent and the assistant disciplinary counsel stipulated to the following facts.

Gary Keck retained the respondent in June 1986 to represent him in certain post-dissolution child support matters. Keck paid the respondent a $1,000 retainer. When the proceedings were transferred to Arizona in October 1986, Keck attempted to obtain his case file from the respondent. Keck made numerous telephone calls to the respondent's office, but the respondent did not return Keck's calls and did not return the file. In December 1986, Keck sent the respondent a certified letter requesting his file and an accounting. The respondent did not reply to that letter, nor to a letter sent by Keck's Arizona attorney in February 1987 asking for the pleadings and financial records in Keck's case.

Over two years later, in June 1989, Keck hired another lawyer to obtain his file and an accounting from the respondent. The respondent finally wrote to Keck's attorney in July 1989 and stated that he would be available to discuss the Keck matter after September 4, 1989.

Shortly after a request for investigation of the respondent's conduct was filed with the grievance committee, the respondent sent an accounting reconstructed from his memory of the time he spent on Keck's case to the office of disciplinary counsel. The respondent estimated that he spent 10.0 hours on the Keck case at $115 per hour. However, the respondent did not reply to Keck's attorney's renewed request in October 1989 for an accounting and return of. the case file.

The respondent has admitted, and we agree, that his conduct violated DR 9-102(B)(3) (a lawyer shall maintain complete records of client property in the possession

of the lawyer and shall render appropriate accounts to the client regarding the property); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). Because of the foregoing, the respondent also violated DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule); and C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline).

## II

The respondent and the assistant disciplinary counsel have recommended that either a public or private censure be imposed. The respondent has also agreed to refund $500 of the $1,000 retainer to Keck. The inquiry panel has recommended that the respondent receive a public censure. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), public censure is generally an appropriate sanction when "a lawyer is negligent in dealing with client property and causes injury or potential injury to a client." *ABA Standards* 4.13.

The respondent failed to render an accounting and return Keck's file over a period of three years, although he was under an affirmative duty to do so. Keck was compelled to hire another lawyer just to obtain the return of his file and an accounting from the respondent. We conclude that the respondent's misconduct caused actual injury to his client. Further, the respondent has a prior disciplinary history. He has received letters of admonition from the grievance committee in 1981, 1987 and 1988. Considering the seriousness of the misconduct, and the respondent's prior history of discipline, we conclude that any sanction less than a public censure would be too lenient and would provide insufficient notice and protection to the public. Although two members of the court would impose a harsher sanction, we accept the stipulation and agreement, and the recommendation of the inquiry panel that the respondent receive a public censure.

## III

We publicly censure respondent Arlad William Shunneson for his violation of the duty to account for and promptly return the property of his client when requested to do so. We order that he refund $500 to Gary Keck within thirty days of the issuance of this opinion. We assess him the costs of these proceedings in the amount of $124.69. The costs are payable within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.